UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Case 20-81538 |
| | ) | |
| LAURA GELB, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Lynch |
| | ) | |
| | ) | |
| PATRICK S. LAYNG, | ) | |
| United States Trustee | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 21-96006 |
| | ) | |
| PHILIP F. MAKSYMONKO, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM DECISION

Alleging attorney Philip F. Maksymonko's "long and repeated history of intentionally refusing or negligently failing to comply with his obligations as Debtor's counsel in this Court," the United States Trustee (the "Trustee") brings this eight-count adversary complaint for the stated purpose of obtaining the attorney's "compliance with his legal and ethical duties." (Compl. at 1, ECF No. 1.) Mr. Maksymonko's apparent inability or unwillingness to follow basic rules and procedures of the bankruptcy court has continued in this matter, as he now effectively ignores the Trustee's adversary complaint by not answering or responding directly to

Page 1 of 15

that pleading.  Instead, following the Trustee's request for entry of default judgment, the Defendant sent an unfiled "Answer to Motion" to the Trustee, which suggests this proceeding is merely the result of "[t]he Trustee [being] unhappy with the contract that was signed [by] the Debtors." (Pl.'s Reply, Ex. 1, ECF No. 12.)  Later, the Defendant filed with the court an "Answer to Supplement," which argues that the Trustee's supposed intent in bringing the complaint is to "impress [its] work schedule on others." (ECF No. 20.)  The court disagrees with the Defendant's attempt to minimize the seriousness of the Trustee's allegations.

After consideration of the pleadings and the pending motion, the court will enter default judgment against attorney Maksymonko as explained below.

## JURISDICTION

The federal district courts have "original and exclusive jurisdiction" of all cases under title 11 of the United States Code.  28 U.S.C. § 1334(a)  The district courts also have "original but not exclusive jurisdiction" of all civil proceedings arising under title 11 or arising in or related to cases under title 11. *Id.* § 1334(b).  The United States District Court for the Northern District of Illinois has referred all of its bankruptcy cases to the bankruptcy judges in this district in its Internal Operating Procedure 15(a).

A bankruptcy court to whom a case has been referred may enter final judgment on any core proceeding under title 11 or in a case under title 11 referred to it.  28 U.S.C. § 157(b)(1).  This proceeding is brought under sections 526, 527, 528 and 329 of the Bankruptcy Code and involves matters concerning the administration of the estate and invokes substantive rights that are either provided by the Code or could

only arise in the context of a bankruptcy case.  Accordingly, this is a core proceeding under 28 U.S.C. §§ 157(b)(1) and (b)(2)(A). *See In re Cook*, 610 B.R. 852, 862 (Bankr. N.D. Ill. 2019) (finding that the court had jurisdiction to adjudicate disqualification and sanctions proceedings brought under 11 U.S.C. § 526 against a law firm).  A default judgment is a final order, and a "bankruptcy court may enter default judgment on core claims." *In re Kiarchek,* 509 B.R. 175, 179 (Bankr. N.D. Ill. 2014) (citing *Wellness Intern. Network, Ltd. V. Sharif,* 727 F.3d 751, 778 (7th Cir. 2013)).

This court, therefore, possesses authority to enter default judgment in this proceeding.

## PROCEDURAL BACKGROUND

Philip F. Maksymonko is an attorney admitted to the Illinois bar who practices bankruptcy law in the Northern District Illinois, including its Western Division.  He has done so for more than thirteen years.  On February 22, 2018, attorney Maksymonko commenced a chapter 7 case in this division on behalf of Cirilo Martinez, Case no. 18-80887, and that case and representation is referenced in the Trustee's pending complaint.  As described in the complaint, on June 3, 2020, Mr. Maksymonko was found in civil contempt of court in part for his failure to properly disclose fees he received as debtor's counsel or comply with this court's orders, and he has not yet purged the contempt by complying with the contempt decree.  Over the next six months, Mr. Maksymonko filed four additional chapter 7 cases in this court: *In re Rachel McNulty*, Case no. 20-81504 (filed August 24, 2020); *In re Laura Gelb*, Case no. 20-81538 (filed August 29, 2020); *In re Ruben Sobrepena*, Case no. 20-81855 (filed November 11, 2020) and *In re Fatima Izel*, Case no. 20-82036 (filed December

29, 2020).   His alleged practices and behavior in those cases drew the further attention of the Trustee's office and are the basis for the complaint eventually filed by the Trustee on March 5, 2021.

According to the Trustee's certificate of service, which has not been contested, Mr. Maksymonko was served with a copy of the summons and complaint by mail on or about March 8, 2021.  The Defendant did not file an answer to the complaint within 30 days, as required by Fed. R. Bankr. P. 7012(a), file a responsive motion challenging the complaint under Rule 7012, or ask for additional time to answer or otherwise respond to the complaint.

The court held the initial status on the complaint and summons on April 14, 2021, at which the Defendant failed to appear.  At that hearing, counsel for the Trustee represented to the court that the Defendant was aware of the hearing. Counsel stated that when the parties spoke by telephone the day before the hearing, the Defendant did not request that it be continued.  Nevertheless, the matter was continued to May 5, 2021, to afford the Defendant an opportunity to be heard.

The Defendant appeared at the next hearing approximately ten minutes after it began.  When asked for an explanation, the Defendant claimed that he had mis-calendared the April 14 hearing and was late for the May 5 hearing because he had the wrong call-in ID number.  The Defendant also claimed that he did not receive the summons and complaint until an unspecified date in April 2021, but nevertheless conceded that he had not sought an extension of the deadline or filed an answer. Specifically, he stated that he had "not responded yet, so the court should do as it wishes." The Defendant demurred when the court asked him whether he intended to

engage an attorney to defend him in this action.  The court then on the record found him in default and continued the matter for 30 days to allow the Defendant time to consider his position.  A written order of default was entered on May 7, 2021.

The Trustee filed its motion for default judgment on May 19, 2021. (ECF No. 9.)  Among other items, the Trustee attaches two declarations of James Dreier, a paralegal specialist for the Trustee, in support of the motion, as well as a search report of Mr. Maksymonko pursuant to the Servicemembers Civil Relief Act finding him not to be on active duty.  The Trustee presented its motion at the June 9, 2021 status hearing.  The Defendant appeared at that hearing.  Claiming to have been out of town, he requested seven days to respond to the motion, which was granted.  He did not file a response, however.  On June 23, 2021, the Trustee nevertheless filed a "reply" in support of its motion.  That reply attached a three-page document entitled "Answer to Motion" that was apparently emailed by the Defendant to the Trustee, but never filed.  (*See* Pl.'s Reply at 2, Ex. 1.)

Despite being styled an "Answer," the document neither admits nor denies the factual allegations stated in the complaint.  Instead, it argues that his clients would have been confused by more complicated engagement contracts, that what "was put in the Petitions was what was available at the time of filing," that none of the errors or changes in schedules affected "discharge," that a "default should be an extraordinary remedy" and that it would generally be unfair to order him to return all his fees.  It concludes with the assertion that "[a] default should be an extraordinary remedy which allows the Court to only hear one side of a case [sic] often

results in unjust rulings.  The commentary to the rule itself states that it should be disfavored." (*Id.* Ex. 1 at 3.)

At the July 28, 2021 hearing on the Trustee's motion, the Defendant conceded that he had not filed his response to the motion.  The court continued the matter for an evidentiary hearing to August 11, 2021.  At that hearing, the Defendant made an oral request to set aside his default under Rule 55(c).  However, upon the Defendant conceding that he was "not sure there is good cause in this case" to set aside the default, the court indicated on the record that it would deny the motion to set aside and was inclined to grant the motion for default judgment.  Taking note of the Defendant's continuing objection to the sufficiency of proof as to the amount of the alleged monetary damages, the court continued the hearing and granted the parties leave to file supplementary materials on that point.

They subsequently did so.  The Trustee filed its supplement on August 18, 2021, attaching portions of the transcript of a Rule 2004 examination of Ms. Gelb. The Defendant later submitted a response, again styled as an "Answer," which argued only that the evidence regarding Ms. Gelb's alleged lost wages was insufficient and "the Trustee's calculations are simply wrong." (ECF No. 20.)  At no time did the Defendant properly answer or otherwise plead in response to the complaint, or request leave to do so.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## IN SUPPORT OF DEFAULT JUDGMENT[1]

The Defendant Philip Maksymonko having failed to properly answer the complaint to admit or deny the allegations asserted against him, the court must accept as true all factual allegations asserted against him. Fed. R. Civ. P. 8(b)(6) (made applicable by Fed. R. Bankr. P. 7008). The court accordingly finds:

**Parties and Venue**. Plaintiff, Patrick S. Layng, is the duly appointed United States Trustee for the Northern District of Illinois and is charged with the supervision of the administration of bankruptcy cases under 28 U.S.C. § 586. The Trustee maintains his principal place of business at Chicago, Illinois, within this district, and at various other locations, including at Madison, Wisconsin. Accordingly, the Trustee has standing to bring this action and ask for the relief requested pursuant to 11 U.S.C. § 307.

The Defendant is an attorney licensed to practice in Illinois whose principal place of business is at 109 North Main Street, Algonquin, Illinois. The Defendant is a "debt relief agency" as defined by section 101(12A) of the Bankruptcy Code because he is a person that provides bankruptcy assistance to assisted persons in return for payment of money or other valuable consideration. Venue of this proceeding properly lies in this court pursuant to 28 U.S.C. § 1409(a).

---

[1] The following findings, together with those set out in the "Discussion" below, set forth the court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. To the extent any findings of fact constitute conclusions of law, they are adopted as such, and to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

The Trustee has authority under the Bankruptcy Code to enforce the restrictions and obligations under sections 526, 527 and 528, which includes the ability to apply for the injunction of conduct in violation of those sections. 11 U.S.C. § 526(c)(5); *Layng v. Stewart (In re Schroeder)*, No. 19-BK-29498, 2021 WL 194142 (Bankr. N.D. Ill. Jan. 19, 2021). The uncontroverted factual allegations deemed admitted establish, among other things, that the Defendant has engaged in a clear and consistent practice of violating sections 526 and 528 of the Bankruptcy Code. Accordingly, a permanent injunction shall issue.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure states that, "[i]n responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P (8)(b)(1)(B). The rule further provides that "[a]n allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).

Rule 55 provides "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (made applicable by Fed. R. Bankr. P. 7055).[2] "When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages." *Arwa Chiropractic, P.C. v. Med-Care*

---

[2] The bankruptcy court enters the default in this district, not the clerk. *See* N.D. Ill. Local Bankruptcy Rule 7055-2.

*Diabetic & Medical Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) (citing Fed. R. Civ. P. 8(b)(6)). Entry of default judgment is left to the sound discretion of the court. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1322 (7th Cir. 1983); *see also C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir. 1984) (although the law favors trial on the merits, these considerations must be balanced against the need to promote efficient litigation and to protect the interests of all litigants). The Seventh Circuit has generally held that a court is "justified in entering default against a party and refusing to vacate the default if the defaulting party has exhibited a willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). "[T]his willfulness is shown in a party's continuing disregard for the litigation or for the procedures of the court." *Id.*

**The Complaint.**   In his eight-count complaint, the Trustee seeks sanctions against Mr. Maksymonko under sections 526(a)(1), 526(a)(2), 526(a)(3), 526(c)(5), 527(a)(2), 527(b), 527(c) and 528(a)(1) for his actions and failures in connection with the *Gelb*, *McNulty*, *Sobrepena* and *Izel* cases.   The principal factual bases of the claims are:

1. The Defendant's retention agreements did not clearly and conspicuously describe the services to be provided or the limitations on representation as required by sections 526(a)(1), 526(a)(3), 527 and 528(a).

2. The Defendant did not effectively participate in the 341 meeting of creditors for each of the four clients or a client's Rule 2004 examination because he lacked proper equipment; he failed to prepare and produce documents and

amendments required for hearings, necessitating Rule 2004 examinations; and thus he failed to provide an essential service to his clients in violation of section 526(a)(1).

3. The Defendant failed to perform his duties by failing to properly redact personal identifying information of two clients, including Social Security numbers, before filing documents, or promptly seek to redact such numbers after they were filed to the likely injury of his clients.

4. The Defendant prepared and filed schedules for Ms. Gelb, Ms. McNulty and Ms. Izel, and amendments for the first two clients, that contained false statements or omissions and errors of which the Defendant was or should have been aware, and he falsely represented to the court that Ms. Gelb and Ms. McNulty had reviewed and signed the original and amended filings before they were filed, in violation of section 526(a)(2).

5. The Defendant failed to provide his clients a clear and conspicuous written notice of the information and disclosures required by sections 527(a)(2), 527(b) and 527(c), or to retain a copy of such written notice required by section 527(a)(2).

6. The Defendant, since the June 3, 2020 contempt order entered in the *Martinez* case, failed to comply with his duties under the Bankruptcy Code and Rules and the Illinois Rules of Professional Responsibility in numerous respects, by actions and inactions, including those described above, constituting a clear and consistent pattern or practice of violating section 526 of the Bankruptcy Code.

After review of each count, this court finds that, with the limited exceptions discussed below, the complaint sufficiently plead the necessary elements for relief. The Defendant has failed to answer in accordance with the rules. As such, the court "must accept as true all factual allegations in the complaint, except those regarding the amount of damages," and default judgment shall be entered on Counts I – VIII. *Arwa Chiropractic*, 961 F.3d at 948 (citing Fed. R. Civ. P. 8(b)(6)). Said judgment shall include the entry of a permanent injunction that the Defendant henceforth use for all bankruptcy engagements a retention agreement in a form that is approved by the Trustee. The judgment will also order the disgorgement of all fees the Defendant has received from the named former clients, and the cancellation of all agreements he has with them, pursuant to section 329 of the Bankruptcy Code, said charges hereby found to be unreasonable and excessive under the circumstances deemed admitted. The Debtor shall be further ordered to receive ECF training and certification within 30 days in order to forestall the suspension of his ECF privileges with the court.

Having found that the Defendant has engaged in a clear and consistent practice of violating section 526 of the Bankruptcy Code, as well as section 528, the Defendant is permanently enjoined from any further violation of sections 526, 527 and 528 of the Code. Further, for the violations alleged and undisputed in the complaint, a civil penalty will be imposed against the Defendant in the amount of $750.

However, in certain counts, the Trustee prays for an award of money damages to certain of the Defendant's former clients as additional relief. In particular, Count

III asks the court to find the Defendant liable for damages that Ms. Gelb and Ms. McNulty may have incurred from the exposure of their personal identifying information. Count IV seeks a monetary award to them for alleged "financial damage" suffered as a result of taking time off from work for their Rule 2004 examinations. Finally, under Count VIII, the Trustee asks the court order the Defendant to indemnify his former clients "for any amounts required by any of them to pay alternate counsel to fix any of the Defendant's errors or omissions . . . or any other actual damages incurred" by them. (Compl. at 33.) As discussed above, the rules do not permit such award to be based simply upon the Defendant's failure to respond to the allegations. Though given the opportunity to do so, the Trustee has not adduced sufficient proof to support or quantify any such award, his only evidence presented being certain testimony from the Rule 2004 examination of Ms. Gelb. The court concludes from its careful examination of that testimony that it is vague and ambiguous as to what, if any, actual financial loss she sustained. Mr. Maksymonko's objection on this point, therefore, will be sustained. Accordingly, no monetary damages to the former clients will be included in the default judgment.

Finally, "[i]Imposition of a civil penalty under § 526(c)(5)(B) is discretionary but 'largely motivated by factors of deterrence and the culpability of the parties.'" *In re Cook*, 610 B.R. 852, 869 (Bankr. N.D. Ill. 2019) (citing *In re Huffman*, 505 B.R. 726, 766 (Bankr. S.D. Miss. 2014)). Upon careful consideration of the culpability of the Defendant, as set out in the allegations in the complaint deemed admitted, and factors of deterrence, the court finds that an additional civil penalty in the amount of $750 is appropriate and proper. Further, factual allegations not being disputed that

the complained of conduct necessitated the conducting of Rule 2004 examination before a certified court reporter, the Trustee may submit an appropriate bill of costs and supporting material in this adversary proceeding within 30 days from the entry of the default judgment.

### CONCLUSION

For the reasons described above, the Trustee's motion will be granted, and default judgment will be entered on Counts I through VIII of the complaint against the Defendant, Philip Maksymonko, and in favor of the United States Trustee whereby:

1. The Defendant is adjudged to have violated sections 526(a)(1), 526(a)(2), 526(a)(3), 526(c)(5), 527(a)(2), 527(b), and 528(a)(1) of the Bankruptcy Code;

2. Any engagement agreements or contracts, whether written or parol, by and between the Defendant and Ms. Gelb, Ms. McNulty, Mr. Sobrepena and Ms. Izel relating to their bankruptcy cases, or the Defendant's services performed or promised in connection therewith, and any claim said persons are indebted to the Defendant under said agreements, are hereby cancelled, terminated, and declared null and void. Pursuant to the Bankruptcy Code, the Defendant shall disgorge to the United States Trustee, within 30 days from the entry of default judgment, any and all funds paid by or on behalf of said former clients to the Defendant in connection with these agreements, which shall be thereafter disbursed to the former clients.

3. Mr. Maksymonko is permanently enjoined so that all representation agreements, contracts or promises of any kind for legal services that he provides henceforth in any matter under title 11 of the United States Code or otherwise as a Debt Relief Agency (as defined by section 101(12A) of the Bankruptcy Code) shall comply fully with title 11, the Federal Rules of Bankruptcy Procedure, the rules of this court, the Rules of Professional Conduct for the Northern District of Illinois, and the requirements set out by the Supreme Court of Illinois in *In re Dowling.* To effectuate this decree, the Defendant is further ordered to submit the form retention agreement that he intends to use to the United States Trustee within 60 days from the entry of the default judgement for review. The Defendant is further enjoined from providing the above services, or proposing to, without first obtaining the Trustee's determination that the proposed form is compliant with the above statutes, rules and precedent.

4. The Defendant is further permanently enjoined from any future violations of sections 526, 527 and 528 of the Bankruptcy Code.

5. The Clerk of the Court is hereby directed to cancel and terminate on the 30th day following the entry of the default judgment, or as soon thereafter as is reasonable, any and all rights, privileges and access the Defendant has to the court's CM/ECF system. Notwithstanding the foregoing, the Defendant may enroll in and take the attorney online training certification offered by the Clerk in the use of that system (available at https://tdi.ilnb.uscourts.gov/training/). The Defendant's rights, privileges and access to the system shall be restored

upon the Clerk issuing appropriate certification of the Defendant's successful re-training and completion of this course.

6. For the violations alleged and undisputed in the complaint, a civil penalty is imposed against the Defendant Philip Maksymonko in the amount of $750, said amount to be paid to the Clerk of this Court.

7. The Debtor is further ordered to pay the reasonable costs and expenses incurred by the United States Trustee in bringing this action, which amount shall include costs incurred for conducting the Rule 2004 examinations and its activities in the bankruptcies that are alleged in the complaint.  The United States Trustee shall submit an itemized bill of costs and request for reimbursement within 30 days of the entry of the Default Judgment.

Neither this decision nor the entry of the default judgment shall modify or disturb all civil contempt orders entered against Mr. Maksymonko that are now outstanding.  All such orders remain in full force and effect, and will continue to be, unless and until they are purged fully according to their respective terms.

A separate default judgment will be issued concurrent with this Memorandum Decision.

DATE: March 31, 2022

ENTER

_____
Thomas M. Lynch
United States Bankruptcy Judge